UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
CITIZENS FOR RESPONSIBILITY AND               )
ETHICS IN WASHINGTION,                        )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )        Civil Action No. 08-1481 (PLF)
                                              )
U.S. DEPARTMENT OF VETERANS                   )
AFFAIRS,                                      )
                                              )
            Defendant.                        )
_____       )

MEMORANDUM OPINION AND ORDER

        In an opinion filed on September 14, 2014, granting the defendant's renewed

motion for summary judgment and dismissing the complaint in this case, the Court also ordered

the defendant and its counsel to show cause in writing why sanctions, in the form of attorneys'

fees, should not be imposed against them.  CREW v. U.S. Dep't of Veterans Affairs, 69 F. Supp.

3d 115 (D.D.C. 2014).  The sanctions issue now has been fully briefed by the parties, and the

defendant's response to the Order to Show Cause is supported by the declaration of Assistant

United States Attorney Robin M. Meriweather and Department of Veterans Affairs counsel,

Catherine Flatley Nachmann.

        The facts of this case and the facts specifically relating to what motivated the

Court to issue its Order to Show Cause are set forth in two prior opinions:  CREW v. U.S. Dep't

of Veterans Affairs, 828 F. Supp. 2d 325 (D.D.C. 2011), and CREW v. U.S. Dep't of Veterans

Affairs, 69 F. Supp. 3d 115 (D.D.C. 2014).  In brief, the Court expressed its concern about the

substance of certain declarations filed by employees of the Department of Veterans Affairs ("the

VA"), the evolving and changing nature of those declarations, and the timing of the revelation of

their contents to counsel for CREW and to the Court.  Specifically, as the Court explained in its

2011 Opinion, it was

>               deeply troubled (1) that Mr. [John] Livornese, prior to his court-
> ordered deposition on July 23, 2010, made inaccurate statements in
> two declarations; (2) that Mr. Livornese signed a second
> supplemental declaration on March 12, 2010 that was not provided
> to CREW's counsel until four months later, at Mr. Livornese's
> court-ordered deposition on July 23, 2010; (3) that Mr. Livornese's
> second supplemental declaration did not correct his prior
> inaccurate statements — or even suggest that they were inaccurate
> in any way — but simply stated that another, unnamed VA
> employee would "provide a declaration further clarifying that
> issue," Mar. 2010 Livornese 2d Supp. Decl. ¶ 6; (4) that the VA
> did not provide Mr. [Ronald] Klavohn's declaration, dated March
> 31, 2010, to CREW's counsel at the July 23, 2010 deposition of
> Mr. Livornese, even though the substance of the undisclosed
> declaration was discussed by Mr. Livornese at the deposition and
> counsel for the VA certainly knew of the existence of the Klavohn
> declaration; and (5) that even Mr. Klavohn's first declaration was
> incomplete and had to be supplemented after its deficiencies were
> pointed out by CREW.

CREW v. U.S. Dep't of Veterans Affairs, 828 F. Supp. 2d at 333-34; see also CREW v. U.S.

Dep't of Veterans Affairs, 69 F. Supp. 3d at 124.

               The Court further stated in its 2011 Opinion that it believed that counsel for the

VA had decided "as a matter of litigation tactics not to be forthcoming by withholding relevant

evidence until *after* the limited discovery ordered by this Court was concluded."  828 F. Supp. 2d

at 334.  The Court therefore allowed additional depositions of two Veterans Affairs employees,

both at the VA's expense.  As the Court stated in its subsequent opinion, it remained

>               deeply troubled by the VA's litigation conduct in the case:
> inaccurate declarations were left uncorrected for months despite
> the fact that already-executed declarations to the contrary existed
> but were withheld, apparently as a litigation tactic.  Nothing stated
> in defendant's motion for reconsideration or other filings has done
> anything to mitigate that concern.

<u>CREW v. U.S. Dep't of Veterans Affairs</u>, 69 F. Supp. 3d at 124.  It therefore ordered the VA to show cause why sanctions under 28 U.S.C. § 1927, "in the form of attorneys' fees and costs, should not be awarded for the additional time and effort CREW's attorneys were required to expend due to the VA's tactics, including, but certainly not limited to, the time spent preparing for and deposing Mr. Livornese while the VA withheld Mr. Klavohn's declaration."  <u>Id</u>.

28 U.S.C. § 1927 permits the imposition of sanctions personally in the form of attorneys' fees, excess costs, and expenses against "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously . . . ."  Courts also have the inherent authority to impose sanctions in the form of attorneys' fees, costs, and expenses against both parties and their attorneys.  While it is settled that a finding of bad faith is required in order to impose sanctions under the Court's inherent power, the District of Columbia Circuit has not finally determined whether the standard for the imposition of sanctions under Section 1927 is also bad faith or whether a lesser standard – namely, recklessness – suffices.  <u>United States v. Wallace</u>, 964 F.2d 1214, 1218-19 (D.C. Cir. 1992); <u>see also</u> <u>LaPrade v. Kidder Peabody & Co.</u>, 146 F.3d 899, 905 (D.C. Cir. 1998).  Bad faith requires finding an intent unreasonably to delay the proceedings, while recklessness does not require showing that unreasonable delay was the intent or purpose of the attorney's actions.  <u>United States v. Wallace</u>, 924 F.2d at 1219; <u>see id</u>. at 1220 (recklessness requires "deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores").  Unintended, negligent, or inadvertent acts will not support the imposition of sanctions under either standard.  <u>Id</u>. at 1219.

Both Assistant United States Attorney Robin Meriweather and Veterans Affairs attorney Catherine Nachmann have filed declarations explaining the actions they took and the

reasons for those actions.  Each of them states that she had no intent to deceive or hide anything from the plaintiff or from the Court.  See Meriweather Declaration at ¶¶ 4, 19 (Dkt. No. 83-1]; Nachmann Declaration at ¶¶ 32, 35 [Dkt. No. 83-2].  The Court is satisfied from Ms. Meriweather's declaration that there are reasonable explanations for most of the decisions she and her colleagues at the U.S. Attorney's Office made and plausible explanations for the timing of the disclosure of relevant facts to plaintiff and its counsel and to this Court.  See Meriweather Declaration at ¶¶ 15, 16, 18, 30, 33, 34, 36, 37, 72, 74, 76, 83, 85, 86.  Based on Ms. Meriweather's declaration, the Court finds that the delay in providing the Livornese and Klavohn Declarations was not a litigation tactic designed for purposes of delay or worse.  Nevertheless, once the Court had ordered that the deposition of Mr. Livornese proceed on July 16, 2010 over the government's objection, Memorandum Opinion and Order, Civil Action No. 08-1481 (July 14, 2010) [Dkt. No. 35], the wiser course would have been to provide counsel for CREW with Mr. Livornese's March 12, 2010 declaration and Mr. Klavohn's March 31, 2010 declaration *before* that deposition took place.  On the basis of the facts and the case law, however, the Court cannot conclude that Ms. Meriweather acted in bad faith or even recklessly in the decisions she made with respect to those disclosures.  Accordingly, there is no basis to require her personally to pay attorneys' fees and costs as a sanction.

The declaration of Ms. Nachmann provides very little detail about the decisions she and others at the Department of Veterans Affairs made with regard to this matter.  In any event, as defendant points out, Ms. Nachmann is a member of the state bar of Rhode Island but, "to the best of [her] recollection," she has never been admitted to practice before a federal court. See Nachmann Declaration at ¶ 1.  Since 28 U.S.C. § 1927 only governs attorneys or others admitted to conduct cases in the courts of the United States or its territories, the statute seems not

to apply to her.  And under the case law governing the Court's inherent authority, this Court

cannot find that she or the VA acted in bad faith.  Accordingly, there is no basis to require Ms.

Nachmann personally to pay attorneys' fees and costs as a sanction.[1]

       All of that having been said, the Court remains troubled by the cumulative effect

of the decisions made along the way by the Department of Veterans Affairs and its counsel.  As

both Ms. Meriweather and Ms. Nachmann accurately point out, lawyers normally do not file

declarations with the Court untethered to any motion, brief, or other filing.  See Meriweather

Declaration at ¶ 10; Nachmann Declaration at ¶ 35.  In view of the Court's expressed concerns in

its opinion and order denying the motion for a protective order, however, see Memorandum

Opinion and Order, Civil Action No. 08-1481 (July 14, 2010) [Dkt. No. 35], it should have been

apparent to counsel that this was not the normal situation.  In view of what government counsel

knew – and CREW's lawyers did not – it should also have been apparent that the questioning of

Mr. Livornese by CREW's lawyers at the deposition initially scheduled by the Court for July 16,

and then adjourned until July 23, would have been much better informed if counsel had been

provided in advance with the declarations of Mr. Livornese and Mr. Klavohn.  Defendant's

repeated reliance in opposition to this proposition on a cryptic statement it made at the end of a

lengthy footnote buried in its motion for protective order, see Defendant's Motion for Entry of

Proposed Briefing Schedule and for Protective Order, Civil Action No. 08-1481 (July 1, 2010)

[Dkt. No. 33], at 5 n.1, is disingenuous.  It in no way signaled to the Court – or presumably to

plaintiff's counsel – that there were new declarations forthcoming "that were pertinent to the

---

[1]    As for the VA, there is a split in authority as to whether sovereign immunity
insulates the federal government from the imposition of monetary sanctions under the Court's
inherent authority.  Compare United States v. Horn, 29 F.3d 754 (1st Cir. 1994), with FDIC v.
MAXXAM, Inc., 523 F.3d 566 (5th Cir. 2008).  But this Court need not resolve that conflict in
this case.

proposed Livornese deposition."  Meriweather Declaration ¶ 14; <u>see</u> <u>also</u> <u>id</u>. ¶ 72 ("I thought

those statements would make it clear that Mr. Livornese's prior testimony was mistaken, and that

the forthcoming new declarations corrected that mistake.")

        And if the forthcoming declarations were in fact "pertinent," why weren't they

provided at least a few days in advance of Mr. Livornese's deposition?  The answer:  a

misguided litigation strategy – not one *designed* to delay or impede the proceedings or to conceal

relevant facts, or executed in bad faith or with the kind of recklessness outlined by the court of

appeals in <u>Wallace</u> –  but a strategy so focused on preparing and then filing a new motion for

summary judgment with supporting and (finally) completely accurate declarations, that the

importance to CREW of the Livornese deposition was put to one side, perhaps viewed by the

government as a mere distraction from its ongoing internal efforts, designed finally to set the

record straight later.  <u>See</u> Defendant's Reply in Further Support of Its Response to the Court's

Order to Show Cause at 9-15 [Dkt. No. 86].  Unfortunately, the unintended effect of the VA's

decisions was the multiplication of briefings and depositions.  For this, CREW is entitled to

attorneys' fees, costs and expenses, but not to sanctions.  In view of the foregoing, it is hereby

        ORDERED that the Order to Show Cause [Dkt. No. 74] why a sanction in the

form of attorneys' fees should not be entered is DISCHARGED; and it is

        FURTHER ORDERED that the parties shall meet and confer and file a joint

report with the Court, on or before September 30, 2015, indicating whether they wish to engage

in good faith settlement discussions to resolve the pending motion for attorneys' fees [Dkt. No.

76] before a magistrate judge or a court-appointed mediator.


                                        /s/_____
                                        PAUL L. FRIEDMAN
DATE:  September 22, 2015               United States District Court